NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1026
_____

CAROL KARCHNAK,
                                        Appellant

v.

SWATARA TOWNSHIP; DAVID BOGDANOVIC;
JASON D. UMBERGER; COMMISSIONER RICCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 07-cv-1405
(Honorable Sylvia H. Rambo)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 14, 2011
Before:  BARRY, VANASKIE, and COWEN,[*] *Circuit Judges*.

(Filed: August 2, 2011 )

_____

OPINION

_____

_____

[*] The Honorable Anthony J. Scirica recused during the pendency of this case, and the
panel was reconstituted to include the Honorable Robert E. Cowen.

BARRY, *Circuit Judge*.

Carol Karchnak retired after many years of service as a police officer with Swatara Township ("Township"). She sued the Township and her superiors in the police department under 42 U.S.C. § 1983 for purported violations of her rights, while she was a police officer, under the Fourth and Fourteenth Amendments. The District Court granted summary judgment in favor of the defendants on all but one claim and submitted that claim to a jury. The jury found in favor of the defendants, and the Court then entered judgment in the defendants' favor on all of Karchnak's claims. We will affirm.

## I.    BACKGROUND

The Township hired Karchnak as a police officer in 1986, and she worked in the police department in several different capacities, including as a dog handler. In 2003, another dog handler sued the department for compensation issues. Karchnak was not a party to the suit, but she supported it and sought to speak to the Board of Police Commissioners about the issues involved in it. The department later terminated her dog handling duties.

In 2005, the police department instituted a new performance evaluation system, of which Karchnak was critical. The system required officers to keep detailed logs of their activities during their shifts, and in 2007 she learned that another officer had falsified his logs. She shared that information with the Internal Affairs Officer, and the parties disputed before the District Court whether reporting the log falsification was part of her

2

official duties. She was disciplined shortly thereafter for her alleged failure to properly supervise subordinate officers.

Karchnak claims that the defendants retaliated against her exercise of her First Amendment free speech rights when they (1) did not promote her, (2) cancelled her dog-handling contract, (3) took too long to approve her request for donations of sick leave after she was diagnosed with breast cancer, and (4) unfairly disciplined her for failing to properly supervise subordinate officers. She also made vague allegations of violations of the Fourteenth Amendment.

The District Court granted summary judgment in favor of the defendants on all of Karchnak's claims, except for her claim that the discipline she received in 2007 was in retaliation for her report of her fellow officer's falsified logs.[1] The Court concluded that there were several genuine issues of material fact regarding that claim, including whether reporting the falsified logs was part of her official duties as a police officer. *See Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006) ("[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.").

---

[1] The District Court granted summary judgment in favor of the Township on all of Karchnak's claims because she did not allege or produce evidence that could support a conclusion "that a municipal policy or custom of Swatara Township was responsible for the alleged violation of her First or Fourteenth Amendment rights." (App. at 53.)

The parties proceeded to a jury trial on the remaining claim, and the District Court granted the defendants' motions in limine to preclude the introduction of evidence unrelated to that claim. The jury found that reporting the falsified logs was part of Karchnak's official duties, and the Court entered judgment in favor of the defendants on all of her claims.

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the Court's partial grant of summary judgment, and we review its rulings regarding the scope of the trial, and the evidence presented, for abuse of discretion.

## III.    ANALYSIS

Karchnak contends that the District Court erred in its partial grant of summary judgment in favor of the defendants and in limiting the scope of the issues and evidence that the parties presented to the jury. As the party opposing summary judgment, Karchnak "must support" her assertion "that a fact . . . is genuinely disputed" by either "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). In her brief on appeal, she has failed to identify any genuine dispute of material fact, other than the issue that the jury decided, or meet the other requirements of Rule 56(c). We will therefore affirm the Court's partial grant of summary judgment.

Karchnak also has not shown that the District Court abused its discretion in limiting the evidence and issues that the parties presented to the jury. The Court acted well within its discretion, and we will affirm on this issue, as well.[2]

## IV.    CONCLUSION

We will affirm the judgment of the District Court.

---

[2] Karchnak previously moved to remand this case so that the District Court could, among other things, address her "motion for special relief," in which she complained of the defendants' alleged intimidation of witnesses who worked for the Township. We denied that motion and stated that her "complaints about the District Court appear more appropriately addressed in the context of [her] appeal rather than by summary motion." (Order, May 19, 2010.) We need not further discuss this issue because she declined our invitation to address it in her brief. (*See* Appellant's Br. at 34.)